Zhanyun Ma
15803 Alwood Street
La Puente, CA 91744
(929) 888-1232
mazhanyunn@aol.com
Pro Se

FILED
2023 FEB 14 AM 11:36
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

ZHANYUN MA

    Plaintiff,

vs.

DAVID RADEL, DIRECTOR OF THE LOS ANGELES ASYLUM OFFICE; UR MENDOZA. JADDOU, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERIVCES (USCIS); ALEJANDRO N. MAYORKAS, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS); AND UNITED STATES DEPARTMENT OF JUSTICE (DOJ)

    Defendants,

Case No. CV23-1092-JLS (SPx)

**PETITION FOR WRIT OF MANDAMUS**

## INTRODUCTION

1. Petitioner-Plaintiff, Zhanyun Ma, brings this writ of mandamus to request an order against respondents-Defendants, David Radel, as Director of the

1

Los Angeles Asylum Office; Ur M. Jaddou, as Director of United States Immigration and Citizenship Services ("USCIS"); Alejandro N. Mayorkasm as Secretary of the United States Department of Homeland Security ("DHS"); and United States Department of Justice (DOJ) (hereinafter, collectively, "Defendants").

2. This action is brought to compel adjudication of an I-589 application filed by the Plaintiff, Ms. Zhanyun Ma, on June 7, 2016.

3. The application was filed and remains within the jurisdiction of Defendants, who have improperly withheld timely action by making no attempt to adjudicate it.

4. The Plaintiff, a national and citizen of People's Republic of China, last entered the United States on a valid B-2 visitor's visa on March 12, 2015.

5. The procedure under 8 U.S.C. 1158(d)(5)(A)(ii) and 8 U.S.C. 1158(d)(5)(A)(iii) explicitly states that after an I-589 is filed, the application is to be adjudicated within a certain time frame. Said sections state in pertinent part:

> The initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed;

And

> Final administrative adjudication of the asylum application, not including administrative appeal, shall

be completed within 180 days after the date an application is filed.

6. The Plaintiff has now waited more than ***six years and eight months*** since her application was filed with USCIS. The Plaintiff has provided all necessary documentation to allow USCIS to adjudicate her I-589. The undue delay and improper withholding of statutory mandated adjudication of the I-589 application filed for asylee benefits provides an ongoing violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §555 *et seq.* and §701 *et seq.*; the Immigration and Nationality Act ("INA"), 8 U.S.C. §1158; and violates Fifth Amendment Due Process.

7. The Plaintiff's rights are infringed by this undue delay, as her right to be granted protection from persecution in this country becomes nullified if the procedure to be granted such protection is never exercised or their right to receive protection is improperly held for unduly long time even were it to eventually to be adjudicated. As the ancient maxim states, "Justice delayed is justice denied."

8. The officials named in this writ have direct control and responsibility over the Plaintiff's I-589 Application.

9. The officers most directly in control of the application are: Mr. David Radel, who is the Director of the Los Angeles Asylum Office, where the Plaintiff's application is currently being held. Mr. Radel therefore has direct oversight authority for the adjudication of the application filed by Ms. Ma.

3

10. Ms. Ur M. Jaddou, who is the Director of USCIS, has direct supervisory control over the individuals who are processing and considering the Plaintiff's application.

## JURISDICTION

11. Statutory jurisdiction is established on the basis of several provisions. The Court has federal-question jurisdiction under 8 C.F.R. § 208.9(b), because the Plaintiff's claim arises under the laws of the united States, particularly the section of the Immigration and Nationality Act ("INA") dealing with the asylum adjudication process.

12. This court also has jurisdiction under 28 U.S.C. §1361 of the INS (the Mandamus Act), which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." It also has jurisdiction in conjunction under the following provisions of the INA. 28 U.S.C. §1348 (United States as a defendant); 28 U.S.C. §1651 (All Writs Act); 28 U.S.C. §2201-2202 (Declaratory Judgment Act); 5 U.S.C. §551 *et seq.* and §701 *et seq.* (Administrative Procedure Act; and Rules 57 (Declaratory Judgments) and 65 (Injunctions) of the Federal Rules of Civil Procedure, permitting declaratory and injunctive actions.

## VENUE

13. Venue lies in this District, the United States District Court for the Central District of California, under 28 U.S.C. §1391(e), of the INA which states, in pertinent part, that "a civil action in which a defendant is an officer or employee of the United States or any agency thereof...may...be brought in any judicial district in which (1) a defendant in the action resides, [or] (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is at issue." *Id* Defendant USCIS resides in this District due to the fact that the Plaintiffs reside in the County of Los Angeles, California. Moreover, venue is proper because a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL AND PROCEDURAL BACKGROUND

14. The Plaintiff is a native and citizen of the People's Republic of China. As stated in the underlying complaint in the instant case, the Plaintiffs have been waiting considerably beyond the date when her applications for asylum, filed some six years and eight months ago on or about June 7, 2016, believe that fair that be adjudicated according to USCIS' own guidelines. Briefly put, the delay has caused her to wait an unduly long amount of time to have her claims heard by USCIS/DHS.

15. The plaintiff has a minor child who remains in China separated from the plaintiff while the application is still pending. Having her asylum application adjudicated will potentially allow the child to come here as a derivative beneficiary reuniting the family.

16. Because of the processing delay, the Plaintiff has been forced to unnecessarily wait for her case to be heard and have been unable to find decent work and support themselves. This delay is in no way attributable to any failing or omission on the Plaintiff's part, but is entirely the fault of the Defendants, i.e., the government, and each of them.

17. The Plaintiff has discovered that there are many other asylum applicants who are similarly situated. The Plaintiff therefore alleges that the delay is systemic in USCIS processing of asylum applications to the detriment of applicants, who as a result of the unwarranted delay, are unable to make any plans for the future and to travel outside the United States. However, the applicants maintains that they are not responsible for any difficulties that the DHS may be encountering in carrying out its duties. It is up to DHS and the United States Congress to resolve any difficulties that may be impeding their ability to perform their duties. Their failure to perform, if not outright dereliction of duty, has created an intolerable derogation of the Plaintiffs' rights under §208(a), of INA statute which recognizes their right to seek asylum.

## CAUSES OF ACTION

### a. Violation of Administrative Procedure Act ("APA")

18. Plaintiff asserts that Defendants' practices, policies, conduct, and failure to act as alleged in this Complaint violate the APA for the following reasons:

- An action by an agency of the United States, in this instance, the adjudication of Plaintiffs' asylum request, is being "unlawfully withheld or unreasonably delayed" by USCIS. Said request has now been pending for more than five and a half years, as proscribed by 5 U.S.C. §706(1);

- The agency's delay in adjudicating these applications is "arbitrary, capricious, [and] not in accordance with law," as proscribed by 5 U.S.C. §706(2)(A);

- The agency's handling of these applications has not been effected "[w]ith due regard for the convenience and necessity of the parties…and within a reasonable time," as required by 5 U.S.C. §555(b).

19. As a result, Plaintiff has suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

### b. Mandamus, 28 U.S.C. §1361

20.    Defendants have a duty to administer and enforce the Immigration and Nationality Act (INA). *See* INA §103; 8 U.S.C. §1103 (regarding *inter alia* the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, Defendants have the responsibility to adjudicate the Plaintiff's application, yet have failed do so for an extended period of time. This breach of Defendants' duty is ongoing, despite all reasonable efforts by Plaintiffs to check the status of their application by phoning the asylum office hotline for an inquiry or by submitting written requests. *(See Exhibit C)*, a copy of previously submitted asylum inquiry by the Plaintiff. Further, this breach of Defendants' duty has no foreseeable conclusion, and could be prolonged for months and years into the future. The Plaintiff has exhausted all available remedies to compel Defendants to satisfy her statutory obligations but for this federal action.

21.    The case of *Sembiring v. Gonzales* 499 F.3d 981, 988–89 (9th Cir. 2007), held that the right to seek protection no in the court's words in this "land of liberty" against not persecution should never be denied if there is any legally plausible legal reason that one is eligible to seek stating:

> Fourth, as we stated in Lanza v. Ashcroft, 389 F.3d 917 (9th Cir.2004), "[t]he liberty interests involved in removal proceedings are of the highest order. Removal visits a great hardship on the individual and deprives him [or her] of the right to stay and live and work in this land of freedom." Id. at 927. (second alteration in original; internal quotation marks

8

omitted). In Kaweesa v. Gonzales, the First Circuit cited our decision in Lanza in granting an alien's petition for review, noting that hardship concerns "are amplified in a case . where an alien is seeking asylum." 450 F.3d at 69. Sembiring's case, like Kaweesa's, involves a removal order entered against an alien who contends that she will be persecuted if she is removed pursuant to an order that was entered at a hearing of which she plausibly contends she did not have notice. Denying Sembiring's motion to reopen because, acting pro se, she recounted her story in a letter rather than a sworn affidavit would unnecessarily elevate form over substance.

22. This is why, as so eloquently expressed, the Plaintiff beseeches this Court to grant her right to seek protection be no further delayed.

### c. Violation of Immigration and Nationality Act (INA)

### INA §208(d)(5)(A)

23. Defendants' practices, policies, conduct, and failure to act as alleged in this Complaint are in violation of INA §208(d)(5)(A), which states in pertinent part: "[i]n the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed;" and "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed;

9

24. As a result, the Plaintiff has suffered irreparable and/or other harm, thereby entitling her to injunctive and other relief.

25. It is of the utmost important to remember this case involves the Plaintiff, who contends in good faith that her basic human rights were violated. As previously cited, *Sembiring, supra*, the right to seek asylum is inviolable and the law should always be interpretated most favorable as reasonably possible so a noncitizen can avail herself or himself to receive protection against persecution.

### d. Declaratory Judgment, 28 U.S.C. §2201

26. Defendants' practices, policies, conduct, and failure to act as alleged in this Complaint are: a violation of the INA, a breach of Defendants' statutory duties, and are unconstitutional, arbitrary and capricious. Plaintiffs seek a declaration to the effect pursuant to 28 U.S.C. §2201, and declaring that Defendants are compelled to adjudicate Plaintiffs' asylum application in the next sixty- days.

### **RELIEF REQUESTED**

Wherefore, the Plaintiff respectfully requets that this Court:

a. Declare that Defendants' acts and omissions as alleged in this Complaint violate the Immigration and Nationality Act and the Administrative Procedure Act;

b.  Issue a writ of *Mandamus* requiring that Defendant United States and its agencies adjudicate Ms. Zhanyun Ma's asylum application within thirty days;

c.  Issue a preliminary and permanent injunction requiring Defendants to adjudicate Ms. Zhanyun Ma's asylum application within thirty days;

d.  Grant such other relief as the Court deems just, equitable, and proper.

Respectfully submitted, this 14th day of February, 2023.

马占云

Zhanyun Ma